Bartlett, J.
The defendant was charged with contempt of court ’ in having made certain transfers of property ill violation of the preliminary injunction in this cause. In the first instance the special term decided in his favor, but the general term held that he had acted in disregard of the injunction and should he punished. He was accordingly *663 fined $6,141.50 by a special term order dated March 29,1882, and directed to be committed to the county jail until the fine should be paid. He has twice applied to the special term for a rehearing of the contempt proceeding, but has been unsuccessful. From the last order denying such an application he now appeals.
The case comes before the general term in a very different aspect from that which it presented on the former appeal. The defendant sought to excuse the transfers which he had made by saying that before he made them he was advised by his own attorney and also by the plaintiff’s attorney that the injunction order was no longer operative, and furthermore that his own attorney had previously told him the action was discontinued by' stipulation. These statements were met by denials from the plaintiff’s attorney (the late William L. Cowdrey), who swore, among other things, that he never consented to the discontinuance of the action, and never informed anyone that it wras discontinued, and that his office records contained no memorandum of a discontinuance. His affidavit to that effect was evidently regarded as very important by the general term on the former appeal, as appears by reference to the opinion of Mr. Justice Brady. The new evidence now presented to the court throws a serious doubt upon the correctness of Mr. Cowdrey’s assertions, to say the least. Among his papers there has been discovered a written consent to the discontinuance of the action, without costs to either party as against the other, bearing his own signature and that of Mr. Seth B. Cole, the attorney for the defendant. It is dated June 30, 1880, which was after the time the alleged contempt was committed, but the date is in Mr. Cowdrey’s handwriting, and there is evidence indicating that it was executed and deEvered to him much earEer, by Mr. Cole, wrho testifies positively that a settlement of the case was effected, that consents were given to discontinue, arid that he believed the order for discontinuance had been entered by Mr. Cowdrey, who had obtained his consent for the purpose. Corroborative evidence to the same effect is furnished by the by the affidavit of Mr. Cowdrey’s former clerk, which shows that Mr. Cowdrey, in his presence, notified the defendant that the suit was abandoned .and discontinued, and he would hear no more of it, and fixes this occurrence in May or June, 1880.
Taking into consideration all the new facts now disclosed, the proof indicates that a positive agreement to discontinue the action, without costs to either party, was entered into between the respective attorneys, on or before June 30, 1880. It is immaterial to determine the precise date, for a' discontinuance on those terms, even if made after the *664 alleged violation of the injunction, would be fatal to the subsequent maintenance of contempt proceedings on account of such violation. These contempt proceedings were not instituted until May, 1881. It cannot be presumed that when a plaintiff consents to discontinue an action without costs, and furthermore takes a stipulation from his adversary, as in this case, that the papers used to obtain the temporary injunction may be removed from the files of the clerk’s office, he intends to reserve the right to prosecute the defendant for contempt in disregarding the injunction. The provision for a withdrawal of the papers would rather seem to indicate an apprehension on the plaintiff’s part that he had incurred a liability to pay damages by reason of having sued out the injunction.
As it seems probable that the special term denied the defendant’s application for a rehearing, because of the previous decision of the general term in this matter on a different state of facts, the order denying a rehearing should be reversed without costs, and the case remitted to the special term to pass upon the merits of the defendant’s application to be discharged from custody.
Van Brunt, P. J., and Daniels, J. concur.